UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ENSIL INTERNATIONAL CORP.,                                05-CV-0380E(Sc)

                        Plaintiff,                        MEMORANDUM

        -vs-                                                        and

LEAR SIEGLER SERVICES, INC.,                              ORDER[1]

                        Defendant.

---

## INTRODUCTION AND BACKGROUND

Plaintiff Ensil International Corp. ("Ensil") is a New York corporation with its principal place of business in Lewiston, N.Y. and is in the business of manufacturing, repairing, designing and testing electronic circuit boards and related assemblies. Defendant, Lear Siegler Services, Inc. ("Lear"), is a Delaware corporation with offices in New York, Ohio, Maryland and Texas and is in the business (awarded through federal government contracts) of providing spare parts and maintenance for foreign military equipment.

Ensil commenced this declaratory judgment action under 28 U.S.C. §2201 on May 31, 2005 (Dkt. #1) against Lear to determine whether liability exists under an agreement between the parties wherein Ensil was to perform certain warranty repair services for circuit boards and assemblies under one of Lear's government

---

[1] This decision may be cited in whole or in any part.

contracts.  Ensil claims that in early 2004, repair requests for eight electronic assemblies (hereinafter "the circuit boards") were found by Ensil to be outside of the warranty agreement or that the warranty was voided with respect to these items because they had been damaged as a result of tampering, faulty testing by third parties, damage through shipping, electrostatic discharge or improper installation by the end user.  Ensil therefore refused to make the repairs under the warranty.[2]  Lear demanded that Ensil make the repairs under warranty for the circuit boards or return them and refund all payments Lear made to Ensil for any initial repairs of these items and pay the difference for Lear to have them repaired by another vendor.  Thereafter, Ensil received a letter from Lear dated May 20, 2005 demanding that Ensil return all goods sent to Ensil that were then in the care, custody and control of Ensil. This consisted of 61 items, including the aforementioned circuit boards.[3]  The letter further demanded a refund of the payment of $1,115,096 which Lear claimed it had paid Ensil for the repair of these items and stated that Ensil would be held liable for all shipping costs and additional fees Lear incurred in the repair of the items by another vendor.  Lastly,

---

[2] This refusal came after an attempt to negotiate the repair of the circuit boards for an additional cost failed.

[3] The complaint states that the circuit boards were returned in April 2005.  Lear claims that, as of the date of the filing of the motion to dismiss, Ensil has failed to return any of the un-repaired items that were referred to in this letter.

it stated that, if the $1,115,096 was not received within ten days, Lear would initiate legal proceedings to collect it.

Soon thereafter, on May 31, 2005, Ensil commenced this action pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201) ("DJA") seeking a declaratory finding that it has no liability to Lear for any repairs to the circuit boards and that any defects to the circuit boards are not attributable to Ensil (Dkt. 1).  On June 7, 2005 Lear commenced an action against Ensil in state court in Texas (Bexar County) for, *inter alia,* breach of contract claiming that Ensil performed defective repair work on goods shipped to it for repair between March 2002 and July 2004. The Texas case relates to all 61 of the items referred to in Lear's May 20th letter, including the circuit boards that are the subject of the instant suit.[4]  On June 22, 2005, *in lieu* of an answer herein, Lear filed a motion to dismiss pursuant to FRCvP 12(b)(1) and 12(b)(6) (Dkt. #5).  On July 26, 2005, as an alternative to dismissal, Lear also moved to transfer venue of the instant action to the U. S. District Court for the Western District of Texas (Dkt. #9).

## DISCUSSION

Lear moves for dismissal for lack of subject matter jurisdiction and failure to state a claim arguing, *inter alia*, that (1) Ensil's race to the courthouse to file the

---

[4] On July 21, 2005 Ensil removed the Texas action to the U. S. District Court for the Western District of Texas.

declaratory judgment action was a patently improper use of the DJA; (2) the Court should decline jurisdiction because Ensil improperly invoked the DJA in seeking a declaration concerning only a portion of the issues in dispute, and because the ruling it seeks from this Court relates to past matters and would not guide the parties with respect to their obligations going forward; and (3) Ensil's purported second cause of action for breach of contract should be dismissed because it is not independent of the DJA cause of action and, even if considered an independent cause of action, it must fail pursuant to Rule 12(b)(6) because the oral promises allegedly made by Lear are too vague and indefinite to form the basis for a contract and nevertheless would be unenforceable under the Statute of Frauds.

In its motion to transfer venue, Lear claims that Texas is the more appropriate forum because, *inter alia*, it is more convenient to the parties and witnesses, it is where the operative facts took place and it is where the relevant documents are located.

In response, Ensil claims, *inter alia*, that (1) it has properly alleged a breach of contract that is not barred by the Statute of Frauds; (2) declaratory relief will settle all of the parties' contractual obligations in that the circuit boards constitute the majority of the $1,115,096 that Lear claims to have paid Ensil and that the other of the 61 items directly concern these circuit boards; (3) the first-filed rule

- 4 -

should apply; and (4) the balance of conveniences favor continuing the action in this venue.

The DJA does not create federal jurisdiction *per se*, rather, an action for declaratory judgment may be brought in federal court only when there exists an independent basis for federal jurisdiction in an action between the parties. *Skelly Oil Co.* v. *Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Warner- Jenkinson Co.* v. *Allied Chemical Corp.*, 567 F.2d 184, 186 (2d Cir. 1977). Lear admits that plaintiff has properly pled diversity jurisdiction, thereby creating an independent basis for federal jurisdiction, but urges this Court to decline discretionary subject matter jurisdiction under the DJA.

The DJA creates a remedy "[i]n a case of actual controversy within its jurisdiction, *** [wherein] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton* v. *Seven Falls Co.*, 515 U.S. 277, 282 (1995).

To determine if declaratory relief is appropriate, the court may consider, *inter alia,* whether the declaratory judgment action was filed in anticipation of a

trial on the same issues in state court, whether granting relief will result in piecemeal litigation, and whether the pending state court lawsuit encompasses the same or substantially similar issues raised in this action. *Wilton* v. *Seven Falls Co.*, 901 F.Supp. 243, 244 (S.D.Tex. 1993), *aff'd,* 41 F.3d 934  (5th Cir 1994), *cert. granted*, 513 U.S. 1013 (1994), *and aff'd by* 515 U.S. 277(1995).   After having considered the motion, including the pleadings, the submissions of the parties, and the applicable law, the Court determines that it should decline jurisdiction. Lear's May 20th letter to Ensil clearly stated that if the sum demanded was not paid within *ten days*, Lear would commence legal action.  Ensil filed the instant suit on the *eleventh day*.  The action Lear filed in state court in Texas involves the same parties and the same issues.  Further, the Texas action involves *all* of the goods in dispute between the parties and not merely the circuit boards enumerated by Ensil in the instant suit.   Further, the underlying basis for jurisdiction herein is diversity of citizenship only and does not involve any question of federal law.  "To avoid wasteful and duplicative litigation, district courts may often dismiss declaratory judgment actions 'where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'"  *Dittmer* v. *County of Suffolk*, 146 F.3d 113, 118 (2d Cir.1998), *quoting Wilton, supra,* 515 U.S. at 282 and *Brillhart* v. *Excess Ins. Co. of America*, 316 U.S. 491,495 (1942) ("it would be uneconomical as well as vexatious

for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. *** [The court] should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.").  Thus, the Court finds that exercising jurisdiction to grant declaratory relief would result in the piecemeal adjudication of the dispute between Ensil and Lear, would reward Ensil's attempt to forum shop with its race to the courthouse and that the questions in controversy can better be settled in the Texas proceeding.  Lear's motion to dismiss will therefore be GRANTED.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that defendant Lear's motion to dismiss (Dkt. #5) is hereby GRANTED and the complaint herein is DISMISSED.  Hence, the motion to transfer venue (Dkt. #9) is DENIED as moot. The Clerk of the Court is hereby directed to take all steps necessary to close this case.

DATED:      Buffalo, N.Y.

August 2, 2006

_____
        /s/ John T. Elfvin
        JOHN T. ELFVIN
        S.U.S.D.J.

- 7 -